**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| AUTONOMOUS MUNICIPALITY OF CAROLINA,<br><br>    Appellant,<br><br>        v.<br><br>J.J.W. METAL CORP.,<br><br>    Appellee. | CIVIL NO.  22-1072 (PAD) |

**MEMORANDUM AND ORDER**

Before the court is appellee J.J.W. Metal Corp.'s "Motion to Dismiss Appeal" (Docket No. 3), which appellant the Autonomous Municipality of Carolina opposed (Docket No. 7).  For the reasons below, and after careful review of the parties' submissions, the motion to dismiss is GRANTED and the appeal DISMISSED.

## I.    BACKGROUND

On November 23, 2020, appellee filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§1101 et seq, Bankruptcy Case No. 20-4536.  On May 3. 2021, appellant moved to dismiss the bankruptcy proceedings or convert the case into a Chapter 7 bankruptcy alleging that the petition was filed in bad faith to circumvent orders entered against it and in favor of the Municipality in the local courts (Docket No. 8-1, pp. 221-240).  After lengthy proceedings before the Bankruptcy Court, including the briefing of the Municipality's motion to dismiss and Chapter 11 plan negotiations, the Bankruptcy Court ordered that the Municipality's motion to dismiss be held in abeyance until the plan confirmation stage (Docket No. 8-2, p. 720).  Eventually, the plan confirmation hearing was held on January 26, 2022 (Docket No. 8-2, pp.

Autonomous Municipality of Carolina v. J.J.W. Metal Corp.
Civil No. 22-1072 (PAD)
Memorandum and Order
Page 2

947-48).  During the hearing, the court confirmed the plan and denied the appellant's motion to dismiss "[u]pon confirmation of the plan."  Id.

On February 9, 2022, appellant filed a notice of appeal of the Bankruptcy Court's denial of its motion to dismiss, which was transmitted to this court on February 11, 2022 (Docket No. 1).  On March 4, 2022, appellee moved to dismiss the instant appeal on the basis of equitable mootness (Docket No. 3).  Essentially, the appellee argues that the Municipality of Carolina's lack of diligence in failing to seek a stay of the order confirming the plan resulted in a situation where the plan "has proceeded to a point beyond any practicable appellate annulment."  Id. at p. 7.  On the other hand, appellant contends that equitable mootness does not apply because it is appealing the order denying dismissal and not the confirmation of the plan itself (Docket No. 7, pp. 3-4).  Further, appellant suggests that even if equitable mootness were to apply, its failure to seek a stay of the confirmed plan is not dispositive because appellee's bankruptcy petition was filed in bad faith and there is no harm to any creditor by dismissing the case because the plan provides for payment in full of all creditors, which, in appellant's view, could occur outside of bankruptcy as well.  Id.

## II.    DISCUSSION

In bankruptcy proceedings, the issue of mootness is "not just a matter of jurisdiction but encompasses 'equitable considerations.'"  In re López-Muñoz, 983 F.3d 69, 72 (1st Cir. 2020)(quoting In re Pub. Serv Co. of NH., 963 F.2d 469, 471 (1st Cir. 1992)).  The doctrine of equitable mootness, in the bankruptcy context, imports "both equitable and pragmatic limitations upon [the court's] appellate jurisdiction over bankruptcy appeals."  In re Healthco Intern., Inc., 136 F.3d 45, 48 (1st Cir. 1998).  More specifically, equitable mootness tests whether the appellant's failure to seek a stay "enabled developments to evolve in reliance on the bankruptcy

Autonomous Municipality of Carolina v. J.J.W. Metal Corp.
Civil No. 22-1072 (PAD)
Memorandum and Order
Page 3

court order to the degree that their remediation has become impracticable or impossible." Id. To determine whether an appeal is equitably moot courts look at three factors, namely: (1) appellant's diligence in pursuing a stay of the objectionable order; (2) whether the plan proceeded to a point "well beyond any practicable annulment;" and (3) whether granting relief to appellant would harm innocent third parties. PPUC Pa. Pub. Util. Comm'n v. Gangi, 874 F.3d 33, 37 (listing factors for equitable mootness).

Generally, the equitable mootness doctrine has been applied in the plan confirmation context, but courts have also extended its applicability to other phases within bankruptcy proceedings as well. See, Old Cold. LLC, 558 B.R. 500, 514 (B.A.P. 1st Cir. 2016)(so stating); La Trinidad Elderly LP SE, 627 B.R. 779 (B.A.P. 1st Cir. 2021)(applying equitable mootness doctrine on appeal of an order of dismissal Chapter 11 petition where appellant's failure to seek a stay allowed property of the estate to be foreclosed. However, court ultimately entertained the appeal on the merits due to a lack of clarity on the record as to the finality of the foreclosure sale). On that note, appellant's contention that its appeal is not equitably moot solely because it is appealing the order denying dismissal and not the confirmation order itself necessarily fails.

Moreover, in the context of this case, whether the appeal stems from the confirmation order or the dismissal appears to be a distinction without a substantial difference because the bankruptcy court linked the consideration of appellant's motion to dismiss upon the outcome of the plan negotiations (Docket No. 8-2, pp. 947-48). In so doing, it is difficult if not impossible to divorce the confirmation order from the order denying the motion to dismiss. Although appellant now frames the bankruptcy court's merging of the issues as an improper abrogation of its right for the motion to dismiss to be heard on the merits, the record on appeal reflects all the contrary. To wit, the record on appeal reflects that appellant's motion to dismiss was fully

Autonomous Municipality of Carolina v. J.J.W. Metal Corp.
Civil No. 22-1072 (PAD)
Memorandum and Order
Page 4

briefed and a motion hearing was held (Docket No. 1-1).  Furthermore, in the motion hearing, the bankruptcy court discussed consolidating the issue of dismissal with the plan confirmation issue, but warned the parties that, were the motion hearing to be continued and the matters consolidated, "if [the plan] is confirmed, the motion to dismiss is going to be denied" (Docket No. 8-2, p. 1031).  After such statement, the court asked appellant's counsel whether it consented to consolidate both issues and continue the hearing until the date a plan confirmation hearing was to be held, to which counsel replied: "Yes, Your Honor.  We're fine with consolidating.  We've seen it in other cases as well, and we're willing to accept the final hearing until then."  Id. at 1032.  In any event, the same considerations and concerns regarding the practicability of affording relief to the appellant exist here given that reversing the bankruptcy court's order denying dismissal would necessarily imply doing away with the confirmed plan.

Appellant's express consent to the consolidation of the matter of dismissal dovetails fittingly with a discussion of the requirements for equitable mootness.  On the first requirement, appellant does not (and cannot) contest that it did not seek a stay of the confirmation order, nor did it seek to expedite the appeal.  To that effect, a review of the record not only reveals that the appellant never sought to stay the confirmation order, but also evinces a generalized lack of urgency on the part of the appellant regarding the dismissal of the bankruptcy case.  On appeal, the appellant contends that should this court decline to entertain its appeal on the merits, other parties could file for bankruptcy to evade "state court orders entered under a governmental unit's police and regulatory powers" (Docket No. 7, p. 11).  But, the sudden rise in urgency on the part of the appellant is hard to reconcile with the fact that it consented to the court tying its request for dismissal to the confirmation of the plan and thus letting the bankruptcy proceedings run their course.

Autonomous Municipality of Carolina v. J.J.W. Metal Corp.
Civil No. 22-1072 (PAD)
Memorandum and Order
Page 5

As to the second and third requirements for equitable mootness, namely, the feasibility of unwinding the plan, and the harm to innocent third parties of doing so, these factors also cut against the appellant. At this point, hundreds of thousands of dollars have been paid to several creditors, all or many of which the plan provides for payment in full (Bankr. Docket No. 362). Unwinding such a plan at this point would be a difficult endeavor that would create unnecessary instability to the creditors who have relied on such payments. Appellant suggests that the plan would be simple to unwind precisely because it provides for payment in full of creditors and thus, in appellant's view, payment would have occurred regardless (Docket No. 7, pp. 13-14). But, the court is unpersuaded by this argument given that it does not take into account the degree of uncertainty a nullified plan would create on the third parties that have received the appellee's payments under the plan. On the contrary, these factors move this court to dismiss the appeal as equitably moot, particularly when such an entanglement was created in no small part by the appellant's: (a) failing to seek a stay of the confirmation order, and (b) consenting to the consolidation of the dismissal and confirmation matters in the first place.

### III.    CONCLUSION

For the reasons stated, appellee's motion to dismiss is granted and the appeal dismissed. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of February, 2023.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge